EP'24 12B1 ORP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

SEALED

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-** 00342-SI |
| **v.** | **INDICTMENT** |
| **BILLY CORDOVA, RALPH MORENO Jr., JUSTICE DEL CARPIO, and JACKSON REVES,** | **18 U.S.C. §§ 1201(a)(1), (c).** |
| | **Forfeiture Allegation** |
| **Defendants.** | **UNDER SEAL** |

**COUNT 1**
**(Conspiracy to Kidnap)**
**(18 U.S.C. § 1201(c))**

1. Beginning on an unknown date but no later than the month of October 2023, and continuing until November 11, 2023, in the District of Oregon and elsewhere, defendants **BILLY CORDOVA (CORDOVA), RALPH MORENO Jr. (MORENO), JUSTICE DEL CARPIO (DEL CARPIO), and JACKSON REVES (REVES), (collectively, "DEFENDANTS")**, did knowingly and intentionally combine, conspire, confederate, and agree with each other and others who are known and unknown to the Grand Jury to commit the following object in violation of Title 18, United States Code, Section 1201(c):

**Object of the Conspiracy**

2. **Travel to Oregon to Kidnap AV1**: The **DEFENDANTS** agreed to travel to Oregon from Florida to kidnap Adult Victim 1 (AV1), for their financial gain, by agreeing to seize, confine, kidnap, abduct, and carry away AV1, in violation of Title 18, United States Code, Section 1201(a)(1).

## Manner and Means

3. The object of the conspiracy was carried out, in substance, as follows:

4. **DEFENDANTS** and other co-conspirators whose identities are known and unknown to the grand jury, arranged for the **DEFENDANTS** to travel to Oregon from Florida by air to effectuate the kidnapping of AV1.

5. Defendant **CORDOVA,** and others known and unknown to the grand jury, used the internet to research fields and rural areas around the Portland, Oregon metro area for a location to leave AV1 to delay detection after the kidnapping;

6. Defendant **CORDOVA** and others known and unknown to the grand jury used the internet to secure a vacation rental in Vancouver, Washington to facilitate the kidnapping;

7. Defendants **MORENO** and **DEL CARPIO** and others used and rented motor vehicles to transport AV1 during the kidnapping;

8. **DEFENDANTS** physically assaulted AV1 in the District of Oregon and threatened additional physical force as a means of coercing him to disclose the location of crypto currency in his possession.

## Overt Acts

9. In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

10. Beginning on or about November 5, 2023, **MORENO** and others coordinated the purchase of commercial airline tickets between Florida and Oregon;

11. On or about November 8, 2023, **DEFENDANTS** travelled to Oregon from Florida by means of a commercial airline flight;

12. Beginning on or about November 8, 2023, **DEFENDANTS** used a vacation rental in Vancouver, Washington, that they had purchased through AirBnB;

13. Beginning on or about November 8, 2023, **MORENO** and **DEL CARPIO** rented cars on internet-based ride share applications for use during the kidnapping of AV1;

14. Beginning on or about November 8, 2023, at least one of the **DEFENDANTS** aided and abetted by the other **DEFENDANTS** conducted surveillance of AV1's apartment in Portland, Oregon;

15. Beginning on or about November 8, 2023, and continuing until November 10, 2023, **CORDOVA, REVES,** and others known and unknown to the grand jury, utilized cellular telephones to further the planning and execution of the kidnapping before and during the course of the kidnapping;

16. Beginning on or about November 10, 2023, **DEFENDANTS** travelled from Vancouver, Washington to the Portland, Oregon, to effectuate the kidnapping;

17. Beginning on or about November 10, 2023, at least one of the **DEFENDANTS** aided and abetted by the other **DEFENDANTS** forced AV1 into a motor vehicle and drove him away from his residence;

18. Beginning on or about November 10, 2023, at least one of the **DEFENDANTS** aided and abetted by the other **DEFENDANTS** entered AV1's apartment seeking access to crypto currency;

19. Beginning on or about November 10, 2023, at least one of the **DEFENDANTS** aided and abetted by the other **DEFENDANTS** transferred AV1 from one vehicle to another vehicle against his will;

20. Beginning on or about November 10, 2023, at least one of the **DEFENDANTS** aided and abetted by the other **DEFENDANTS** drove AV1 from downtown Portland, Oregon to a field in Washington County, Oregon and eventually left AV1 tied to a post in the field to delay detection.

21. On or about November 10, 2023, **DEFENDANTS**, each aided and abetted by the others, repeatedly physically assaulted AV1 causing serious physical injury;

22. On or about November 10, 2023, least one of the **DEFENDANTS** aided and abetted by the other **DEFENDANTS**, while using a password (seed phrase) from AV1, transferred digital currency from a crypto currency wallet belonging to AV1 to another location.

**COUNT 2**
**(Kidnapping)**
**(18 U.S.C. § 1201(a)(1))**

23. On or about November 10, 2023, in the District of Oregon, the defendants, **BILLY CORDOVA, RALPH MORENO Jr., JUSTICE DEL CARPIO,** and **JACKSON REVES**, did unlawfully and willfully seize, confine, kidnap, abduct, and carry away AV1 for the benefit of the defendants, and, in committing and in furtherance of the commission of the offense, defendants did travel in interstate commerce from Florida to Oregon and Washington to Oregon, and used a facility and instrumentality of interstate commerce in committing and in furtherance of the commission of the offense;

In violation of 18 U.S.C. § 1201(a)(1).

**FORFEITURE ALLEGATION**

24. Upon conviction of one or more of the offenses alleged in Counts one and two of this Indictment, defendants **BILLY CORDOVA, RALPH MORENO Jr., JUSTICE DEL CARPIO,** and **JACKSON REVES**, shall forfeit to the United States pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated: September 10, 2024.

A TRUE BILL.

[redacted]

OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

PARAKRAM SINGH, OSB #134871
Assistant United States Attorney